UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.M., *et al.*,

Plaintiffs,

v.

COUNTY OF KERN, *et al.*,

Defendants.

Case No. 1:26-cv-05471-CDB

ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFFS

(Doc. 3)

**Deadline – Aug. 20, 2026**

Plaintiffs J.M., Z.M., A.M., S.M., E.M., and K.G. (collectively, "Plaintiffs"), all of whom are minors, initiated this action with the filing of a complaint on July 14, 2026, by and through purported guardian ad litem Sophia Hernandez. Defendants are the County of Kern, Kern County Department of Human Services, Lito Morilla, La Quinta Inn & Suites, Wyndham Hotels & Resorts, Inc., and Destiny De La Cruz (collectively, "Defendants"). (Doc. 1). All Plaintiffs are biological siblings of G.M. ("Decedent") and assert their claims as statutory heirs pursuant to California Code of Civil Procedure § 377.60 and California Probate Code §§ 6402(b)-(c). *See id.*

Pending before the Court is the motion of Plaintiffs to appoint a guardian ad litem pursuant to Rule 17 of the Federal Rules of Civil Procedure and Local Rule 202, filed on July 14, 2026. (Doc. 3).

As a preliminary matter, the Court notes that Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires the names of minors to be redacted to state only their initials. *See* Fed. R. Civ. P.

5.2(a)(3). Rule 5.2(h), however, provides that a person "waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). Plaintiffs have included their full names without redaction to just their initials, both in their complaint and in their pending motion to appoint guardian ad litem. As it is not clear to the Court from these filings whether Plaintiffs intend to waive the protections of Rule 5.2(a)(3), and as all named Plaintiffs are minors without a guardian ad litem yet appointed on their behalf in this action, the Court will refer to the Plaintiffs by their initials at this stage. Upon appointment of a guardian ad litem, the Court will direct Plaintiffs to file a statement setting forth whether they intend to waive the protections of Rule 5.2(a)(3).

For the reasons set forth herein, the Court will deny without prejudice Plaintiffs' motion to appoint a guardian ad litem and direct Plaintiffs to file a renewed motion.

## I. Governing Authority

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir.

1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

## II. **Discussion**

Plaintiffs request the Court appoint Sophia Hernandez as guardian ad litem for the Plaintiffs.

(Doc. 3 at 6). Ms. Hernandez declares that she is over the age of 18 and the paternal cousin of the Plaintiffs who, she believes, are all presently in foster care. (Doc. 3 at 8, Declaration of Sophia Hernandez ("Hernandez Decl.") ¶¶ 2-3). Ms. Hernandez declares that all Plaintiffs share the same father (Ray Mata, Jr.); J.M.'s mother is Destiny De La Cruz; the mother of Z.M., A.M., and S.M. is unknown to her; and E.M. and K.G. share the same biological mother, Thalia Garza. Ms. Hernandez states that Ms. Garza does not wish to act as guardian ad litem for her children and has signed a declaration in support of Ms. Hernandez being appointed guardian ad litem. *Id.* ¶ 4. Ms. Hernandez asserts that, to her knowledge, no proceeding is pending in California for administration of Decedent's estate and that Decedent died intestate and, as a minor child, was unmarried and without children or other descendants. *Id.* ¶ 5-6. Ms. Hernandez represents that Ray Mata, Jr., is unsuitable to serve as guardian ad litem due to his admission to law enforcement that he inflicted the injuries that led to Decedent's death and his being charged with murder, torture, and child cruelty. *Id.* ¶ 7.

Ms. Hernandez asserts that Destiny De La Cruz is unsuitable to serve as guardian ad litem due to the fact that she relinquished custody of Decedent and J.M. in 2018 and did not regain custody at any time; was charged with torture, mayhem, and child cruelty in connection with the abuse of a one-year-old child, and pleaded no contest to child cruelty; has other minor children currently in foster care; and has retained legal counsel to pursue her own wrongful death and survival claims arising from Decedent's death, with interests that are thus not aligned with and/or adverse to the interests of Plaintiffs herein. *Id.* ¶ 8. Ms. Hernandez declares that she has no criminal history and no conflict of interest with any party to this action, and is not the beneficiary of any insurance policy or financial instrument implicated in this litigation. *Id.* ¶ 12.

In support of Plaintiffs' motion, Ms. Thalia Garza declares that she is over 18 and the biological mother of E.M. and K.G., and that Ray Mata, Jr., is the father of both siblings. (Doc. 3 at 11, Declaration of Thalia Garza ("Garza Decl." ¶ 2). Ms. Garza represents that she does not wish to act as guardian ad litem for E.M. and K.G. and consents to Ms. Hernandez being appointed guardian ad litem on their behalf. *Id.* ¶¶ 5-6.

The information provided in the declarations of Ms. Hernandez and Ms. Garza satisfies the applicable authority and the requirements of Local Rule 202. However, Plaintiffs' motion fails to

comply with Local Rule 202(c). The motion does not disclose by whom and the terms under which counsel for Plaintiffs was employed; whether counsel became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether counsel stands in any relationship to that party; and whether counsel has received or expects to receive any compensation, from whom, and the amount. *See* Local Rule 202(c). As Plaintiffs are represented by two different law firms, the Court requires the aforementioned information for each firm.

Thus, Plaintiffs' motion will be denied without prejudice for failure to comply with the Local Rules. Plaintiffs will be directed to file a renewed motion setting forth the necessary information.

## III. Conclusion and Order

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion for the appointment of guardian ad litem for minor Plaintiffs (Doc. 3) is DENIED without prejudice; and
2. **No later than August 20, 2026**, Plaintiffs SHALL FILE a renewed motion for appointment of guardian ad litem that supplies the information addressed herein and required by Local Rule 202.

IT IS SO ORDERED.

Dated: **August 13, 2026**

UNITED STATES MAGISTRATE JUDGE