UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.M., *et al.*,

Plaintiffs,

v.

COUNTY OF KERN, *et al.*,

Defendants.

Case No. 1:26-cv-05471-CDB

ORDER GRANTING DEFENDANT'S REQUEST TO SEAL AND TO DIRECT PLAINTIFFS TO FILE ANONYMIZED DOCUMENTS

(Doc. 10)

**Deadline – Sept. 21, 2026**

Clerk of the Court to (1) Seal (Doc. [1] and Doc. [3]), and (2) Update the Docket to Identify Minor Plaintiffs Only By Their Pseudonyms

Plaintiffs J.M., Z.M., A.M., S.M., E.M., and K.G. (collectively, "Plaintiffs"), all of whom are minors, initiated this action with the filing of a complaint on July 14, 2026, by and through purported guardian ad litem Sophia Hernandez. Defendants are the County of Kern, Kern County Department of Human Services, Lito Morilla, La Quinta Inn & Suites, Wyndham Hotels & Resorts, Inc., and Destiny De La Cruz (collectively, "Defendants"). (Doc. 1). All Plaintiffs are biological siblings of G.M. ("Decedent") and assert their claims as statutory heirs pursuant to California Code of Civil Procedure § 377.60 and California Probate Code §§ 6402(b)-(c). *See id.*

Pending before the Court is the request of Defendant Destiny De La Cruz for an order of the Court (1) sealing Plaintiffs' complaint (Doc. 1) and Plaintiffs' since-denied motion to appoint guardian ad litem (Doc. 3), and (2) directing Plaintiffs to file redacted versions of those documents removing

certain offending information. (Doc. 10).

In its earlier order denying Plaintiffs' initial motion for appointment of guardian ad litem, the Court observed Plaintiffs included their full names without redaction to just their initials, both in their complaint and in their then-pending motion to appoint guardian ad litem. (Doc. 9 at 1-2). This appeared to violate Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, which requires the names of minors to be redacted to state only their initials. *See* Fed. R. Civ. P. 5.2(a)(3). The Court also observed that Rule 5.2(h) provides that a person "waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." (Doc. 9 at 2) (quoting Fed. R. Civ. P. 5.2(h)).

Plaintiffs have now indicated in their renewed motion for appointment of guardian ad litem that they do not intend to waive the protections of Rule 5.2(a) and do not oppose filing redacted versions of the complaint and their earlier motion to appoint guardian ad litem. (Doc. 11 at 12-13).

## I. Governing Authority

Under the First Amendment to the U.S. Constitution, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). Where the documents that the applicant seeks to seal relate to a non-dispositive motion, the applicant must satisfy a "good cause" standard by making a "particularized showing" that "specific prejudice or harm" will result should the information be disclosed. *Foltz*, 331 F.3d at 1131.

Separately, it is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

## II. <u>Discussion</u>

Counsel and Plaintiffs' proposed guardian ad litem represent and attest that each of the six Plaintiffs to be identified by pseudonyms are minors. *See* (Doc. 3, Declaration of Sophia Hernandez, ¶ 2); *see generally* (Doc. 11).

Given the sensitive and highly personal nature of this action involving minor plaintiffs, the Court finds good cause to direct that the minor Plaintiffs proceed pseudonymously in this action. See Local Rule 140(a)(i); *e.g., Doe by and through Doe v. Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal. Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff). Thus, the Court will order the parties and their counsel to use a pseudonym in place of each individual minor Plaintiff's legal name in all future pleadings and papers filed in this action. The parties will be prohibited from disclosing or publishing the true names of the minor Plaintiffs except by order of this Court and as necessary toward the prosecution or defense of the case.

Additionally, the Court finds that, for the reasons stated in Defendant's motion to seal (Doc. 10), there exists good cause to require that the publicly filed documents identifying the minor Plaintiffs by their full names be sealed and that Plaintiffs be directed to file on the public docket these two documents naming the minor Plaintiffs only by their pseudonyms. The Court further finds that, in the absence of redaction, the minor Plaintiffs would suffer prejudice or harm regarding the protections afforded by them proceeding under pseudonym. *See* Fed. R. Civ. P. 5.2(a).

## III. <u>Conclusion and Order</u>

Accordingly, it is HEREBY ORDERED:

1. Defendant's motion for relief (Doc. 10) is GRANTED;
2. All parties and their counsel shall use the pseudonyms J.M., Z.M., A.M., S.M., E.M., and K.G. in place of the respective minor Plaintiff's legal name in all future pleadings and papers filed in this action;
3. The parties are prohibited from disclosing or publishing the true names of the minor Plaintiffs except by order of this Court and as necessary toward the prosecution or defense of the case;

4. The Clerk of the Court is DIRECTED to seal the Complaint (Doc. 1) and Plaintiffs' Motion to Appoint Guardian ad Litem (Doc. 3);
5. The Clerk of the Court is DIRECTED to update the docket to identify the minor Plaintiffs only by their pseudonyms (J.M., Z.M., A.M., S.M., E.M., and K.G);
6. **No later than September 21, 2026**, Plaintiffs SHALL FILE the Complaint (Doc. 1) and Motion to Appoint Guardian ad Litem (Doc. 3) naming the minor Plaintiffs only by their pseudonyms; and
7. Plaintiffs SHALL effect service of process of the summons and revised complaint (naming the minor Plaintiffs only by their pseudonyms) upon Defendants and promptly file proofs of service (*see* Doc. 7 at 1).

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE